NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

SCOTT DOUGLAS SAGE, *Appellant*.

No. 1 CA-CR 22-0196
FILED 4-11-2023

Appeal from the Superior Court in Maricopa County
No. CR2019-005572-001
The Honorable Laura M. Reckart, Judge (*Retired*)

**AFFIRMED**

COUNSEL

Maricopa County Public Defender's Office, Phoenix
By Robert W. Doyle
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Michael T. O'Toole
*Counsel for Appellee*

---

## MEMORANDUM DECISION

Vice Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Samuel A. Thumma and Judge Cynthia J. Bailey joined.

---

**G A S S**, Vice Chief Judge:

¶1        Scott Sage appeals his conviction and sentence for one count of negligent homicide. As part of this review, we ordered and received supplemental briefing from Sage and the State on the jury instructions for manslaughter and negligent homicide. Sage argues, and the State concedes, the superior court's negligent homicide instruction contained an error because the instruction used "or" instead of "and" when defining the crime's two elements—causation and mental state. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

¶2        This court views the facts in the light most favorable to sustaining the jury's verdict and resolves all reasonable inferences against Sage. *State v. Felix*, 237 Ariz. 280, 283 ¶ 2 (App. 2015).

¶3        Sage approached an intersection driving more than 70 miles per hour (mph) in a 40-mph zone. The victim approached the intersection from the opposite direction and turned left in front of Sage. Sage crashed into the victim, who later died as a result. The State charged Sage with one count of manslaughter, which has a lesser included offense, negligent homicide. The superior court held a six-day jury trial on the charges.

¶4        Without objection, the superior court instructed the jury:

The crime of manslaughter requires proof that the defendant:

1. Caused the death of [victim]; and

2. Was aware of and showed conscious disregard and substantial and unjustifiable risk of death. The risk must be such that disregarding it was a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

. . . .

The crime of negligent homicide requires proof of the following:

1. The defendant caused the death of [victim]; *or*

2. Failed to recognize a substantial and unjustifiable risk of causing the death of [victim].

The distinction between manslaughter and negligent homicide is as follows:

Manslaughter requires that the defendant must have been aware of a substantial risk and consciously disregarded the risk that his conduct would cause death.

Negligent homicide only requires that the defendant failed to recognize the risk. (Emphasis added.)

**¶5** During the trial, Sage disputed both causation and his mental state. The jury acquitted Sage of manslaughter but found him guilty of negligent homicide. The superior court imposed the minimum sentence of 4 years and awarded Sage 96 days of presentence incarceration credit.

**¶6** This court has jurisdiction over Sage's timely appeal under article VI, section 9 of the Arizona Constitution, and A.R.S. §§ 13-4031, and -4033.A.1.

**ANALYSIS**

**¶7** Sage argues the superior court fundamentally erred when it incorrectly instructed the jury on the elements of negligent homicide—using "or" instead of "and" to connect the elements. *See* A.R.S. §§ 13-1102.A, -105(10)(d). Sage contends the jury improperly could have found him guilty of negligent homicide without finding both causation *and* mental state (failing to recognize the risk).

**¶8** Because Sage did not object to the negligent homicide instruction at trial, this court limits its review to fundamental error. *State v. Henderson*, 210 Ariz. 561, 567 ¶ 19 (2005). To obtain relief on fundamental-error review, Sage first must show trial error exists. *State v. Escalante*, 245 Ariz. 135, 142 ¶ 21 (2018). If error exists, Sage must then show the error prejudiced him because it: (1) went to the foundation of the case; (2) took away a right essential to the defense; or (3) was so egregious the defendant

could not possibly have received a fair trial. *Id.* Sage and the State agree using "or" instead of "and" in the negligent homicide instruction was error. The issue then is whether Sage has shown resulting prejudice from the error. *See id.*

**¶9**        "Prejudice under fundamental error 'is a fact-intensive inquiry and varies depending upon the type of error that occurred and the facts of a particular case.'" *State v. James*, 231 Ariz. 490, 494 ¶ 15 (App. 2013) (citation omitted). Sage must affirmatively "prove prejudice and may not rely upon speculation to carry his burden." *State v. Dickinson*, 233 Ariz. 527, 531 ¶ 13 (2013). Prejudice occurs if "a reasonable, properly instructed jury could have reached a different result." *Id.* This court presumes jurors follow their instructions. *Felix*, 237 Ariz. at 285 ¶ 17. And this court may "consider the parties' theories, the evidence received at trial, and the parties' arguments to the jury." *Dickinson*, 233 Ariz. at 531 ¶ 13.

**¶10**        At trial, Sage argued: (1) the victim caused the accident because the victim was intoxicated and failed to yield to Sage's right-of-way; and (2) Sage did not act recklessly, and a substantial and unjustifiable risk did not exist because Sage had a green light and reasonable drivers expect others to speed. In asserting that theory, he put at issue both causation and his mental state in defending the charge.

**¶11**        Because the superior court connected the elements with "or," Sage argues the jury could have found him guilty of negligent homicide by finding only one element—either causation or mental state. But the superior court's instructions also told the jury the only difference between manslaughter and negligent homicide is a defendant's mental state. Those other instructions, thus, clarified the state's burden to prove beyond a reasonable doubt *both* causation and the applicable mental state for manslaughter and negligent homicide.

**¶12**        The parties' closing arguments emphasized causation is a necessary element for both manslaughter and negligent homicide. Sage's counsel correctly told the jury in closing "[m]anslaughter requires proof that the defendant caused the death of [victim] *and* was aware of and showed conscious disregard of a substantial and unjustifiable risk." The State, in its rebuttal closing, echoed these elements presented by Sage's counsel, stating the only difference between manslaughter and negligent homicide is: for manslaughter, "the defendant was aware of and consciously disregarded th[e] risk." Considering Sage's defense theories, the presumption jurors follow their instructions, and the closing arguments—the jury would have understood causation is a necessary

element for manslaughter and negligent homicide. *See Dickinson*, 233 Ariz. at 531 ¶ 13.

**¶13**        Furthermore, no evidence shows the jurors would have reached a different verdict if they had received the correct instruction, using "and" not "or." Given the evidence presented at trial, a reasonable juror would have found Sage failed to recognize the risk of entering an intersection more than 30 mph over the speed limit. Indeed, the State presented computer data from Sage's vehicle showing Sage pressed the accelerator pedal "as far down as it would go" between 5 and 1.5 seconds before the crash. He reached a maximum speed of 73 mph in a 40-mph zone about 1.3 seconds before the crash. Not until one second before impact did Sage try to brake, ultimately reducing his speed to 61 mph when the crash occurred. The investigating detective testified Sage told officers "he remembered stepping on the accelerator pedal hard" just before the crash. A reasonable juror could only conclude driving more than 70 mph into an intersection is a substantial and unjustifiable risk.

**¶14**        For these reasons, Sage has not met his burden of proving prejudice. Any reasonable juror would have found Sage guilty of negligent homicide if the superior court gave the correct instructions. *See Dickinson*, 233 Ariz. at 531 ¶ 13. Sage, thus, has not shown resulting prejudice from the error in the jury instruction. *See id.*

## CONCLUSION

**¶15**        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA